```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ROBERT ANTHONY SAMMARCO,                                                :
                                                                        :
                           Plaintiff,                                   :
                                                                        :      12-CV-7857 (JMF)
              -v-                                                       :
                                                                        :      MEMORANDUM OPINION
NY STATE TROOPER HOOLAN et al.,                                         :      AND ORDER
                                                                        :
                           Defendants.                                  :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Robert Anthony Sammarco, proceeding *pro se*, sues several law enforcement officers, alleging that they used excessive force during his arrest on August 20, 2012. (Am. Compl. (Docket No. 16)). Three Defendants — New York State Troopers Brendan Hoolan and Daryl A. Haberneck, and Sergeant Jared W. Duffy — now move for summary judgment. (Docket No. 51). The first two of those Defendants contend that they were not present at all during Plaintiff's arrest; Sergeant Duffy avers that he did not arrive on the scene until after the alleged excessive force was allegedly used. (Defs.' Mem. Supp. Summ. J. (Docket No. 52) ("Defs.' Mem.") 2-3, 6-7). The other Defendants — Troopers White and Daryl A. Habernack — do not move for summary judgment, thereby conceding that trial as to them is necessary. Also pending are motions (liberally construed) by Plaintiff for (1) the appointment of counsel (Pl.'s Mem. Opp'n Summ J. (Docket No. 62) ("Pl.'s Mem.") 10); (2) reconsideration of the Court's previous denials of his applications to reopen discovery (Pl.'s Mem. Opp'n 10; *see* Order of June 9, 2014 (Docket No. 59); Order of June 10, 2014 (Docket No. 60)); and (3) leave to amend the complaint again to add three new Defendants (Pl.'s Mem. Opp'n 10; *see* Order of June 10, 2014 & Exs. B-C).

Summary judgment is appropriate when the record demonstrates that there are no genuine disputes as to any material facts and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, that demonstrate the absence of a genuine dispute regarding any material fact. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 322. In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

When a summary judgment motion is brought against a *pro se* litigant, as here, the Court must afford the non-movant with "special solicitude" in the construction of pleadings and motions and in the enforcement of procedural rules. *See Tracy v. Freshwater*, 623 F.3d 90, 100-04 (2d Cir. 2010) ("[I]n light of the particular difficulties presented by a motion for summary judgment . . . a district court errs by failing to advise a *pro se* litigant of the nature of such a motion and the consequences of failing to respond to it properly . . . ."). That special solicitude is not unlimited, however, and it does not "relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (internal quotation marks omitted). Specifically, a *pro se* Plaintiff opposing summary

judgment must still "come forward with evidence demonstrating that there is a genuine dispute regarding material fact." *Bennett v. Bailey*, No. 07 Civ. 7002 (PKC), 2010 WL 1459192, at *3 (S.D.N.Y. Apr. 9, 2010).

Applying those standards here, Defendants' summary judgment motion is GRANTED. Defendants Hoolan and Vidacovich present evidence that they were not involved in Plaintiff's arrest and not even present at the scene. (Decl. Mary Kim Supp. Defs.' Mot. Summ. J. (Docket No. 54) ("Kim Decl."), Ex. 1 (Decl. Brendan Hoolan) ¶¶ 4-7; Kim Decl., Ex. C (New York State Incident Report indicating that Defendant Hoolan was investigating a missing person complaint at the time of Plaintiff's arrest); Kim Decl., Ex. 2 (Decl. Jason Vidacovich) ¶¶ 4-9; Kim Decl., Ex. D (New York State Police Member Attendance Record dated August 20, 2012, stating that Trooper Vidacovich was working the "South Post"); *see* Defs.' Mem. 2-3, 6). Plaintiff not only fails to present evidence to the contrary, but expressly indicates that he "is not opposed to discontinue the case against" those Defendants. (Pl.'s Mem. 4; *see also id.* at 9 (indicating "agreement to dismiss Troopers Hoolan and Vidacovich")). Sergeant Duffy, on the other hand, presents evidence that when he arrived at the scene where Plaintiff had been arrested, Plaintiff was already in handcuffs, which was after Plaintiff alleges that Defendants used excessive force. (Kim Decl., Ex. 3 (Decl. Jared Duffy) ¶¶ 5-6; *see* Defs.' Mem. 6-7). Notably, the Amended Complaint alleges no specific facts with respect to Sergeant Duffy. Moreover, during his deposition, Plaintiff testified that he did not know whether Sergeant Duffy participated in the alleged excessive force. (Kim Decl., Ex. B (Sammarco Depo.) 50:4-21). In his opposition to summary judgment, Plaintiff does state that "[i]n my deposition, I believe I remember stating Sgt. Duffy pulled me up after being handcuffed." (Pl.'s Mem. 5). But that conclusory statement is both inaccurate and insufficient to establish a genuine

3

issue of material fact that would warrant denying Sergeant Duffy's motion.  *See, e.g.*, *Woods v. Ruffino*, 8 F. App'x 41, 42 (2d Cir. 2001) ("Reliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment." (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993))).  Accordingly, the Amended Complaint is dismissed with respect Defendants Hoolan, Vidacovich, and Duffy.

As for Plaintiff's motions, the Court previously granted his application for counsel during a telephone conference held on May 9, 2014.  (Order of May 9, 2014 (Docket No. 46)).  Since that time, the Court — through the Office of *Pro Se* Litigation — has been trying to find counsel who would be willing to take Plaintiff's case *pro bono*.  The Court understands that Office of *Pro Se* Litigation recently identified counsel and that counsel will be contacting Plaintiff shortly, if not already.  Accordingly, Plaintiff's application for the appointment of counsel is DENIED as moot.  Next, Plaintiff's motion for reconsideration of the Court's denial of his previous application to reopen discovery is DENIED substantially for the reasons set forth in the Court's prior Orders.  (Order of June 9, 2014; Order of June 10, 2014).  Discovery in this case closed on April 23, 2014, and the case is now trial ready.  Plaintiff's claim that he did not understand the purpose of the discovery process is belied by the fact that the Court explained the process to Plaintiff in the initial pretrial conference held on January 22, 2014.  Moreover, Plaintiff had ample opportunity to seek guidance from the Court or additional time for discovery before the deadline passed and Defendants moved for summary judgment.  He fails to show good cause to reopen discovery at this late date.  Finally, Plaintiff's motion for leave to amend to add three new Defendants at this late date is also DENIED, substantially for the reasons stated in Defendants' opposition submission.  (Defs.' Ltr. of June 18, 2014 (Docket No. 61)).

At the end of his opposition to the motion for summary judgment, Plaintiff indicates that he is "open to settling out of court." (Pl.'s Mem. 10). In light of that statement, the Court is — by separate Order to be docketed today — referring this case to the assigned Magistrate Judge for settlement purposes. The parties shall contact the Chambers of that Magistrate Judge **within ten days of the date of this Order** to schedule a settlement conference as soon as the Magistrate Judge's schedule permits. To allow time for settlement discussions and for Plaintiff's representation to sort itself out, the Court will refrain from entering a scheduling order for a period of thirty days. In thirty days, if the case has not settled, the Court will issue a scheduling order setting deadlines for pretrial submissions, a final pretrial conference, and trial.

The Clerk of the Court is directed to terminate Docket Number 51 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: July 23, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge