```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/01/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :

ROBERT ANTHONY SAMMARCO,      :

                   Plaintiff,      :      12-CV-7857 (JMF)

      -v-      :      MEMORANDUM OPINION
                             :      AND ORDER

NY STATE TROOPER HOOLAN, et al.,   :

                Defendants.      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Robert Anthony Sammarco alleges in this action that members of the New York State Police used excessive force during his arrest on August 20, 2012. (Second Am. Compl. (Docket No. 83) ("SAC") ¶¶ 3-8). Sammarco originally pursued this action *pro se*, but *pro bono* counsel was secured and appeared on Sammarco's behalf on August 18, 2014. (Docket No. 71). Thereafter, Sammarco filed a Second Amended Complaint, naming several new defendants and adding two new causes of action under New York law. (Docket No. 83). Defendants now move to dismiss those state-law claims. (Docket No. 134). Defendants argue, *inter alia*, that Sammarco failed to comply with the requirements of the New York Court of Claims Act. (Defs.' Mem. Law Supp. Mot. To Dismiss Pl.'s State-Law Claims (Docket No. 135) 3-5).[1]

---

[1] Defendants arguably could have, and should have, filed their motion earlier. As discussed below, however, compliance with the requirements of the New York Court of Claims Act is jurisdictional. Accordingly, Defendants could not waive the issue, and the Court must address it even if Defendants could have raised it earlier. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

The Court agrees that Sammarco's state-law claims are barred under Section 10(3-b) of the New York Court of Claims Act and must be dismissed. Sammarco alleges that each arresting officer was "acting in his capacity as a New York State Trooper" and committed intentional torts against him. (SAC ¶¶ 12-16, 26-34). The New York Court of Claims Act provides that

> [a] claim to recover damages for injuries to property or for personal injuries caused by the intentional tort of an officer or employee of the state while acting as such officer or employee . . . shall be filed and served upon the attorney general within ninety days after the accrual of such claim, unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor . . . .

N.Y. Ct. Claims Act § 10(3-b). Under New York law, such notice "is a condition precedent to bringing personal injury actions" against the state and its officers. *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999); *see also Lyles v. State*, 3 N.Y.3d 396, 400 (2004) ("[T]he State has waived its sovereign immunity against suit only to the extent that claimants comply with the provisions of the statute."). "Notice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action" for lack of subject-matter jurisdiction. *Am. Tel. & Tel. Co. v. N.Y.C. Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990) (gathering cases); *see also Pristell v. New York*, 40 A.D.3d 1198, 1198 (3d Dep't 2007).

Sammarco's claim accrued on the day of his arrest, August 20, 2012, meaning that he had until ninety days from that date — or November 19, 2012 — to file and serve on the Attorney General a notice of intention to file a claim. Sammarco does not dispute that he never filed a notice of intention to file a claim. (Pl.'s Mem. Law Opp'n Defs.' Mot. Dismiss Pl.'s State Law Claims (Docket No. 137) 4-6). Instead, Sammarco contends that he satisfied the notice of claim requirement by filing the initial complaint in this case within the ninety-day statutory window. (*Id.*). Putting aside the question of whether a complaint alleging only violations of federal law

can serve as a notice of intention to file a claim for purposes of Section 10(3-b), that argument fails because, under the plain language of the statute, the mere filing of a complaint is not enough: A claim must also be "*served* upon the attorney general within ninety days." N.Y. Ct. Claims Act § 10(3-b) (emphasis added). Here, Sammarco admits that the complaint, although filed on October 19, 2012, was not actually served on the Attorney General until March 1, 2013 — well after the ninety-day notice period had run. (Docket No. 146).

Sammarco raises a number of equitable arguments as to why his failure to serve the Attorney General within ninety days of the accrual of his claim should be excused. (*See* Docket No. 146). However sympathetic those arguments may be, the Court lacks authority to waive Sammarco's failure to comply with the strict terms of Section 10(b-3). New York courts have consistently held that "the requirements of the Court of Claims Act as to the filing of claims must be strictly construed because the question of timeliness of filing is jurisdictional." *Pristell*, 40 A.D.3d at 1198 (internal quotation marks omitted). That is, because "the State has waived its sovereign immunity against suit only to the extent that claimants comply with the provisions of the statute," *Lyles*, 3 N.Y.3d at 400, failure to comply with the notice requirement leaves the sovereign immunity of the State intact. At bottom, Sammarco's equitable arguments amount to a request that this Court waive New York's sovereign immunity against its will in the interest of justice. That request, however, flies in the face of a "foundational premise of the federal system" — "that States, as sovereigns, are immune from suits for damages, save as *they* elect to waive that defense." *Coleman v. Ct. of Appeals of Md.*, 132 S.Ct. 1327, 1333 (2012) (plurality opinion) (emphasis added).

In short, because Sammarco did not *serve* a complaint or a notice of intention to file a claim on the Attorney General within ninety days of the accrual of his claim, the Court lacks

jurisdiction over his state-law claims.  Defendants' motion to dismiss Sammarco's state-law claims is therefore GRANTED.

The Clerk of Court is directed to terminate Docket No. 134.

SO ORDERED.

Date: October 1, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge